JOSEPH L. SPOFFORD AND OTHERS, AS EXECUTORS, ETC., OF EUGENE W. SPOFFORD, DECEASED, RESPONDENTS, *v.* PAULINE S. PEARSALL, APPELLANT, IMPLEADED, ETC.

*Will — direction to divide the estate among " brothers, or their lawful issue, me surviving," followed by a provision giving one share to each living brother — the issue of a deceased brother takes nothing.*

A testator directed the residue of his estate " to be divided into as many equal parts as I shall have brothers, or their lawful issue, me surviving, but for the purpose of determining the number of such equal parts the issue of a deceased brother, whether one or more, shall stand in place of his, her or their father as one person only; I make the following disposition of the said equal parts: 1. In case my brother, Joseph L., survives me I give one of said equal parts to him, absolutely; or in case of his death before me leaving lawful issue, then I give such part to such issue in equal shares and proportions." He then gave to each of his brothers, Paul N. and Edward Clarence, or to their issue, one of said equal parts, except that the shares of the respective brothers were placed in trust for them for life. The will further provided: '" In case any of my property remains undisposed of under the foregoing provisions of this will, by reason of the death of my said brothers without issue before my death, I give, devise and bequeath such property as may remain undisposed of as aforesaid to my sister, Pauline, wife of Thomas W. Pearsall, if living, and to her issue if she be dead."

The testator, at the time of the execution of the will, had three brothers living, with whom he resided, and also a sister, and a niece, who was the daughter of a deceased brother. It was claimed by the niece that she was entitled to take a one-fourth interest under the provisions of the will.

*Held*, that, in order to sustain this claim, the court would be obliged to reject, supply or transpose the words of the will, and carve out an entire inheritance by adding thereto apt words to accomplish that result.

That the particular reference in the will to the brothers' names ana to his sister was a positive indication that the testator intended to give his estate to them, and to them only.

Appeal by the defendant Pauline S. Pearsall from a judgment, entered in the office of the clerk of the county of New York on July 26, 1889, after a trial at a Special Term held in the county of New York.

*Thomas G. Shearman*, for the appellant, Pauline S. Pearsall.

*William Pierrepont Williams, Thomas T. Sherman, William V. Rowe*, for the respondents.

Brady, J. :

This action was brought to obtain a judicial construction of the will of Eugene W. Spofford who died on the 23d of August, 1887. It bears date the 16th of June, 1887. At the time of its execution he had three brothers living, with whom he resided, a sister and a niece who was the daughter of his deceased brother Gardiner S. Spofford. Gardiner died on the 23d of January, 1887, intestate, and several months, therefore, prior to the death of the testator. The contention arises upon the third and fourth clauses of the will, which are as follows :

"*Third.* All the rest, residue and remainder of the estate, both real and personal, which shall belong to me at the time of my death, or as to which I shall have the power of appointment or disposal by last will and testament (after payment of the aforesaid sum of fifty thousand dollars, in case by the terms of the foregoing clause of this will the same shall become payable), I direct to be divided into as many equal parts as I shall have brothers, or their lawful issue me surviving. But for the purpose of determining the number of such equal parts, the issue of a deceased brother, whether one or more, shall stand in place of his, her or their father as one person only. I make the following disposition of the said equal parts :

"1. In case my brother Joseph L. survives me, I give one of said equal parts to him absolutely, or in case of his death before me leaving lawful issue, then I give such part to such issue in equal shares and proportions.

" 2. In case my brother Paul N. dies before me, leaving lawful issue, I give one of said equal parts to such issue in equal shares and proportions. But in case my said brother Paul N. survives me, I give this said equal part of my estate to my trustees hereinafter named. In trust, nevertheless, to invest and keep invested the same, and to receive the income · thereof, and to pay and apply· the said income to the use, maintenance and support of my said brother Paul N. during his natural life, and at and after the death of said Paul N. after my death, he leaving lawful issue him surviving, then I give, and said trustees are to pay over said part to such issue in equal shares and proportions. If said Paul N. dies after my death without lawful issue, I give, and said trustees are to pay over the said equal part of my estate to my brother or brothers then surviving, or his or their lawful issue, if any (they or either of them having died before said Paul N.) in equal shares and proportions, such issue to take *per stirpes* and not *per capita*; subject, nevertheless, to the following proviso, that if my brother, Edward Clarence, shall be then living, the share he would take under this (second) subdivision of this (third) clause of ·my will shall not be paid over to him, but shall be retained by said trustees in trust, and the income thereof paid and applied to his use and maintenance and support during his natural life, and at his death to be paid to his lawful issue, if any him surviving, in equal shares, and if there be none, then to my brother Joseph L., if living, or· his lawful issue, if any, he being dead, in equal shares.

" 3. In case my brother Edward Clarence dies before me, leaving· lawful issue, I give one of said equal parts to said issue in equal shares and proportions. But in case my said brother Edward. Clarence survives me, I give this said equal part of my estate to my trustees hereinafter named, in trust, nevertheless, to invest and keep· invested the same, and to receive the income thereof, and to pay and apply the said income to the use, maintenance and support. of my said brother Edward Clarence during his natural life; and, at and after the death of the said Edward Clarence, after my death, he leaving lawful issue him surviving, then I give, and said trustees are to pay over said part, in equal shares and proportions, to such issue. If said Edward Clarence dies after my death without lawful issue, I give, and said trustees are to pay over the said equal part of

my estate to my brother or brothers then surviving, or his or their lawful issue, if any (they or either of them having died before said Edward Clarence), in equal shares and proportions, such issue to take *per stirpes* and not *per capita*, subject, nevertheless, to the following proviso : That if my brother Paul N. shall be then living, the share he would take under this (third) subdivision of this (third) clause of my will, shall not be paid over to him, but shall be retained by said trustees in trust, and the income thereof paid and applied to his use, maintenance and support during his natural life, and at his death to be paid to his lawful issue, if any, him surviving, in equal shares, and if there be none, then ' to my brother Joseph L., if living, or his lawful issue, if any, he being dead, in equal shares."

"*Fourth.* In case any of my property remains undisposed of under the foregoing provisions of this will, by reason of the death of my said brothers, without issue, before my death, I give, devise and bequeath such property as may remain undisposed of as aforesaid, to my sister Pauline, wife of Thomas W. Pearsall, if living, and to her issue if she be dead, such issue to take in equal shares and proportions."

The learned justice presiding at the Special Term thought the testator intended to give his entire estate in equal parts to his brothers living at the time the will was executed, or to their issue, not to the issue of the brother deceased at all, or to his sister, except in a remote contingency. This view is sustained by cogent reasoning predicate of the terms and form, frame and substance of the clauses ; and it is *substantially conceded that in order to accomplish a different result,* namely, a division of his estate into four equal parts, it is necessary to interpolate provisions to that effect, and whatever power the courts may enjoy of effectuating a testator's intent in a will as it exists, by rejecting, supplying or transposing words, they have not yet attempted to change that intention and carve out another inheritance by adding apt words to accomplish that object. Here it is not necessary, however, to resort to the power suggested for the interpretation of this will, for the reason that the testator's intention was, it clearly appears, to divide his whole estate primarily between his three brothers living and their issue. The particular reference to these brothers and to his sister is a positive indication that he had no others in view when the will was executed, and meant to give his estate to them and to

them only. If there were any expressions in the clauses mentioned suggestive of an intention to provide for the issue of his brother, deceased, it would be within the established province of the court to carry that design out fully, and it would be done with pleasure, but there is not. His brother was dead when the will was made, and his niece was living, facts of which it must be presumed he was conscious, and yet no reference is made to either, a silence most effective in proof of an intention not to make provision for the niece. The language of the first paragraph of the third clause, indeed, properly interpreted, shows that such silence was intentional. He directs the residue of his estate to be divided into as many equal parts as he should have brothers or their lawful issue him surviving. His brother Gardiner was then dead, and could not, therefore, survive him. He did not, however, leave the subject in that general way, but proceeded to illustrate what he meant by "brothers or their lawful issue," and said "I make the following disposition of the said equal parts," and did it by naming the three brothers then living, thus generally designating the existing brothers as the objects of his bounty, and then by particular mention of each of these brothers defining and declaring how the share of each should be held and enjoyed. Indeed, the whole scheme of the disposition of the residue of his estate is predicate of the lives of these three brothers, made so by specific provision and designation. If we seek for kindred cases with kindred results, it will not be in vain. In *Glanville* v. *Glanville* (33 Beav., 304) the trust was for four nephews and a niece, naming them, to be equally divided between them. In fact, however, there was an additional nephew at the testator's death. The Master of the Rolls, Sir JOHN ROMILLY, although desirous to admit the other nephew, and justly so, felt obliged to exclude him. He said : " I am afraid it is not in the power of the court to extend a gift where a definite meaning can be given to the words as they stand. And again :

" I have been very desirous to admit the fourth nephew to participate in this bequest. * * * If the testator had merely said 'in trust for my four nephews and my niece,' I should have come to a different conclusion, and it certainly seems strange that he should exclude a child of so tender an age, namely, a boy, who, in 1862, was only ten years old. In *In re Hull's Estate* (21 Beav., 314)

there is given us a stronger illustration, for there the gift in trust was to be equally divided ' amongst all his nephews and nieces then living, namely,' and the testator then specified them. There were a nephew and niece, but they were not embraced within the trust. The master of the rolls, after consideration of the general doctrine which rejects a specified number when it is apparent that it was a ' mere slip in expression ' (*Garvey* v. *Hibbert*, 19 Ves., 126), says:

" I think that the testator has himself specified of whom the class is to consist, and that I cannot enlarge it. He has done so by the word, ' namely,' in both cases, giving a distinct meaning to the class he meant to specify. This distinguishes the present from the other cases and makes it a legacy only to the families he has enumerated."

It is not deemed necessary, however, to pursue this subject further, for when we have ascertained the intention of the testator we have the guiding star which leads us through all the intricacies presented by the able counsel for the appellant to a place of security.

For these reasons, and adopting those given by Justice BARRETT, is is thought that the judgment appealed from should be affirmed, but without costs.